[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13535

Non-Argument Calendar

_____

SHANNON GLADDEN,
an individual,

Plaintiff-Appellant,

versus

THE PROCTER & GAMBLE CO.,
An Ohio corporation,

Defendant,

THE PROCTOR & GAMBLE DISTRIBUTING, LLC,

2                   Opinion of the Court                   21-13535

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-02938-CAP

————————————

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Following her termination from The Proctor & Gamble Distributing LLC, Shannon Gladden complained that P&G discriminated against her based on her gender and retaliated against her, in violation of Title VII of the Civil Rights Act of 1964. In particular, Gladden claimed that P&G fired her after she reported concerns about the contract between P&G and one of its vendors, Promoveo Health, to her manager. The district court granted summary judgment to P&G on both claims.[1]

Title VII bars an employer from firing an employee based on her sex. 42 U.S.C. § 2000e-2(a)(1). Without direct evidence of sex-based discrimination, a plaintiff may show discrimination through

---

[1] We review summary judgment orders de novo. *Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1056 (11th Cir. 2020).

circumstantial evidence by satisfying the burden-shifting *McDonnell Douglas* framework:

> To establish a prima facie case of discriminatory discharge, the plaintiff must show that she (1) was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was replaced by someone outside the protected class. Once a plaintiff has established a prima facie case of discrimination, the burden shifts to the employer to offer a nondiscriminatory legitimate reason for the adverse employment action. The burden then shifts back to the plaintiff to show that the employer's stated reason was a pretext for discrimination. If the plaintiff does not satisfy her burden of establishing a genuine issue of material fact that the employer's reason was pretextual, the grant of summary judgment in favor of the employer is proper.

*Cuddeback v. Florida Bd. of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004) (citations omitted). Retaliation claims are analyzed under the same framework. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1310 (11th Cir. 2016). Alternatively, a plaintiff may present "a convincing mosaic" of circumstantial evidence that raises a reasonable inference that the employer intentionally discriminated against her. *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (quotation omitted). If she does so, she has a prima facie case of discrimination. *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1255–56 (11th Cir. 2012).

4                    Opinion of the Court                    21-13535

We hold that even if Gladden established a prima facie case of discriminatory or retaliatory discharge, both claims fail because she hasn't shown that P&G's stated reasons for firing her were pretextual. After Promoveo fired one of its sales associates who was Gladden's neighbor, Gladden started questioning a Promoveo executive and other Promoveo sales associates about how much Promoveo paid its employees relative to how much P&G paid Promoveo for each salesperson who sold P&G products to dental offices. She did so despite P&G's co-employment avoidance policy prohibiting interference with vendors' employment decisions. Gladden also notified several P&G managers about her concerns, but she didn't immediately contact the Purchases division, the P&G group responsible for ensuring and discussing contract compliance issues with vendors.

After Promoveo complained about Gladden's behavior to P&G, a P&G Human Resources manager began investigating Gladden's conduct. Around the same time, the terminated Promoveo employee began sending long accusatory emails to many P&G employees. The emails contained certain information—such as the amount that P&G paid Promoveo per sales associate and personal information about the HR manager investigating Gladden—that only Gladden would have known, suggesting that Gladden had provided confidential P&G information to her neighbor and that they were collaborating on the email campaign. P&G assigned a new HR team to investigate Gladden, and the team ultimately concluded that Gladden should be fired for

violating P&G's policies regarding vendor contracts and for conspiring with her neighbor to harass and intimidate P&G employees.

Gladden hasn't shown that any of P&G's reasons for firing her were pretextual—*i.e.*, that they were false and that, in fact, discrimination was the real reason. *See Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1312 (11th Cir. 2018). It is not enough for her to question the wisdom of P&G's reasons; she must show that they were actually pretextual. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc). She has not done so. For instance, she hasn't shown that she didn't violate P&G's policies regarding vendor contracts or that male employees also violated the policies but were treated differently. *See Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1363 (11th Cir. 1999). She also hasn't shown that P&G's belief that she was involved in the email campaign was not held in good faith. *See Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991). Because Gladden failed to "satisfy her burden of establishing a genuine issue of material fact that [P&G's] reason[s were] pretextual, the grant of summary judgment in favor of [P&G] is proper." *Cuddeback*, 381 F.3d at 1235.

AFFIRMED.